FILED

2018 Jul-20  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **HIGHLAND TRUCKING, LLC,** | ) |
| **SOUTHERN ARMOUR FREIGHT, INC.,** | ) |
| **KK'S TRUCKING, LLC,** | ) |
| **JEB EXPRESS, LLC,** | ) |
| **AND GAP TRUCKING, LLC,** | ) |
| **individually and on behalf of themselves and** | ) |
| **others similarly situated,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **V.** | ) **CASE NUMBER:** |
| | ) |
| **FLEETMATICS, a Verizon Corporation d/b/a** | ) |
| **VERIZON CONNECT FLEET USA, LLC and** | ) |
| **VERIZON CONNECT FLEET USA, LLC,** | ) |
| | )     **JURY DEMAND** |
| **Defendants.** | ) |

## COLLECTIVE ACTION COMPLAINT

### I. JURISDICTION

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under 42 U.S.C. § 1983 and state tort claims.

2.     Venue is proper in the Northern District of Alabama Northern Division, under 28 U.S.C. §1391(b)(2) and 28 U.S. Code § 1369 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## II.  PARTIES

3.      The Plaintiff, Highland Trucking, LLC ("Highland"), is a trucking/hauling company doing business in the State of Alabama.  The address of the company is 321 Bankhead Hwy., Winfield, AL 35594.

4.      The Plaintiff, Southern Armour Freight, Inc. ("Southern"), is a trucking/hauling company doing business in the State of Alabama.  The address of the company is 7892 Hwy. 52, Spruce Pine, AL 35585.

5.      The Plaintiff, KK's Trucking, LLC ("KK"), is a trucking/hauling company doing business in the State of Alabama.  The address of the company is PO Box 1587, Winfield, AL 35594.

6.      The Plaintiff, Jeb Express, LLC ("Jeb"), is a trucking/hauling company doing business in the State of Alabama.  The address of the company is 5265 State Hwy. 129, Winfield, AL 35594.

7.      The Plaintiff, GAP Trucking, LLC ("GAP"), is a trucking/hauling company doing business in the State of Alabama.  The address of the company is 1137 2nd Avenue SE, Fayette, AL 35555.

8.      The Defendant, Fleetmatics, a Verizon Corporation, d/b/a Verizon Connect Fleet USA, LLC ("Fleetmatics" and or "Defendant"), is owned and operated by Verizon Company.  The Defendant is a worldwide company that does business in

the State of Alabama as a foreign limited liability company.

9. The Defendant, Verizon Connect Fleet USA, LLC ("Verizon" and or "Defendant"), is owned and operated by Verizon Company. The Defendant is a worldwide company that does business in the State of Alabama as a foreign limited liability company.

### III. COLLECTIVE ACTION FACTUAL ALLEGATIONS

10. Plaintiffs bring this action on behalf of themselves and others similarly situated entities, pursuant to 42 U.S.C. § 1983, Ala. Code §6-5-101 and other state tort claims. Plaintiffs and those similarly situated companies contracted with the Defendants to become EDL compliant with US required DOT standards.

11. In 2012, the United States Congress enacted the "Moving Ahead for Progress in the 21st Century" bill, or, more commonly referred to as MAP-21 ("EDL Bill"). That bill, which also outlined the criteria for highway funding, included a provision requiring the FMCSA to develop a rule mandating the use of electronic logging devices (ELDs). An electronic logging device, ELD, is used to electronically record a driver's Record of Duty Status (RODS), which replaces the paper logbook some drivers currently use to record their compliance with Hours of Service (HOS) requirements. Fleets had until December 2017 to implement certified ELDs to record HOS. The devices must be installed and in use by December 16, 2017, two years

after its scheduled December 16, 2015, publication date.  *See* ELD Facts.com.

12.     The Plaintiffs all negotiated, relied and contracted with the Defendants to have ELD units timely and properly installed and maintained in their trucks. Additionally, the Defendants were to provide timely, proper and adequate training, customer service, monitoring and maintenance  of the ELD units in accordance with US DOT EDL standards and the EDL Bill (the "Contracted Services").

13.     To date, the Defendants failed and or refused to provide the Contracted Services to the Plaintiffs.

14.     Due to the failure of the Defendants to provide the Contracted Services to the Plaintiffs, the Plaintiffs were forced to contract with other companies, such as Omni Track, who installed EDL units in order for the Plaintiffs to be EDL compliant before the December 16, 2017 and April 1, 2018, EDL Bill deadline.  The Plaintiffs are now under contract and indebted to the third party company who provided the Contracted Services before the EDL Bill deadline.

15.     Even though the Defendants failed to provide the Contracted Services and thereby breached their contract with the Plaintiffs, the Defendants are continuing to wrongfully bill and attempt to collect payments from the Plaintiffs.

16.     All Plaintiffs were required and signed the Defendants' Services Order Form with attached General Terms and Conditions (the "Agreement"). The Service

Order Form under Order Terms, states: "2. The rights and obligations of Fleetmatics and Customer under the Services Order Form are subject to and governed by Fleetmatics General Terms and Conditions, as modified by any written addenda referencing the Services Order Form and attached hereto, which are incorporated herein by this reference (the "General Terms"). The "Agreement" shall mean this Order Form and the attached General Terms. Capitalized terms not otherwise defined in this Order Form shall have the same meaning given to them in the General Terms."

17.   The Agreement that all Plaintiffs signed states that the "Agreement Length" is "36 months from the Subscription Start Date. The "Subscription Start Date" is the earlier of (i) the date of installation of all Equipment or (ii) 45 days from the execution of this Services Order Form."

18.   The Plaintiff, Highland, negotiated and entered into a contract, the Agreement, with the Defendants on July 31, 2017. Troy Barter was the authorized Fleetmatics Representative, who signed the July 31, 2017, Agreement. The Agreement length is for thirty-six months at $264.00 a month and a full-term amount of approx. $9,504.00.

19.   The Plaintiff, Southern, negotiated and entered into a contract, the Agreement, with the Defendants on November 20, 2017. Brian Eichman was the authorized Fleetmatics Representative, who signed the November 20, 2017,

Agreement.  The Agreement length is for thirty-six months at $132.00 a month and a full-term amount of $4,752.00.

20.    The Plaintiff, KK, negotiated and entered into a contract, the Agreement, with the Defendants on March 29, 2017.  David Barrios was the authorized Fleetmatics Representative, who signed the March 29, 2017, Agreement.  The Agreement length is for thirty-six months at $506.00 a month  and a full-term amount of $17,203.36.

21.    The Plaintiff, GAP, negotiated and entered into a contract, the Agreement, with the Defendants on November 7, 2017.  Jacob McClellan was the authorized Fleetmatics Representative, who signed the November 7, 2017, Agreement. The Agreement length is for thirty-six months at $320.00 a month and a full-term amount of $11,520.00.

22.    The Plaintiff, Jeb, negotiated and entered into a contract, the Agreement, with the Defendants.

23.    The Plaintiffs and the similarly situated entities are similar because they are in the same industry, i.e. trucking/hauling, and they contracted with the Defendants to provide the Contracted Services.  Plaintiffs and the similarly situated entities meet the collective action requirements of commonality, typicality and numerosity.

6

## IV. CAUSES OF ACTION

### COUNT ONE -42 U.S.C. § 1983

24.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

25.     This claim is brought pursuant to 42 U.S.C. §1983 which prohibits the deprivation of citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

26.     The Plaintiffs all negotiated, relied and contracted with the Defendants to have ELD units timely and properly installed and maintained in their trucks. Additionally, the Defendants were to provide timely, proper and adequate training, customer service, monitoring and maintenance  of the ELD units in accordance with US DOT EDL standards and the EDL Bill (the "Contracted Services").

27.     To date, the Defendants failed and or refused to provide the Contracted Services to the Plaintiffs.

28.     Due to the failure of the Defendants to provide the Contracted Services to the Plaintiffs, the Plaintiffs were forced to contract with other companies, such as Omni Track, who installed EDL units in order for the Plaintiffs to be EDL compliant before the December 16, 2017 and April 1, 2018, EDL Bill deadline.  The Plaintiffs are now under contract and indebted to the third party company, who provided to the

7

Plaintiffs the Contracted Services before the EDL Bill deadline.

29.     Even though the Defendants failed to provide the Contracted Services and thereby breached their contract with the Plaintiffs, the Defendants are continuing to wrongfully bill and attempt to collect payments from the Plaintiffs.

30.     The Plaintiffs' rights were violated by the Defendants' adverse unlawful actions.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.     Judgment against the Defendants and relief of the Plaintiffs' obligations under any contractual agreement with the Defendants for the services and merchandise outlined herein;

B.     An award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to the Defendants for the Fleetmatics Agreement as set out herein;

C.     An award of the an amount equal to the Plaintiffs' and similarly situated individuals', who have incurred additional fees and costs for having to purchase and/or contract with other companies to become DOT EDL compliant;

D.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

E.      Leave to add additional Plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.      Costs and attorneys' fees to the extent allowed by law; and

G.      All compensatory and punitive damages to which the Plaintiffs are entitled and for such other and further relief as the Court deems just and proper.

## COUNT TWO - BREACH OF CONTRACT

31.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

32.     The Plaintiffs all negotiated, relied and contracted with the Defendants to have ELD units timely and properly installed and maintained in their trucks. Additionally, the Defendants were to provide timely, proper and adequate training, customer service, monitoring and maintenance  of the ELD units in accordance with US DOT EDL standards and the EDL Bill.

33.     To date, the Defendants failed and or refused to provide the Contracted Services to the Plaintiffs.

34.     Due to the failure of the Defendants to provide the Contracted Services to the Plaintiffs, the Plaintiffs were forced to contract with other companies, such as Omni Track, who installed EDL units in order for the Plaintiffs to be EDL compliant before the December 16, 2017 and April 1, 2018, EDL Bill deadline.  The Plaintiffs

are now under contract and indebted to the third party company, who provided to the Plaintiffs the Contracted Services before the EDL Bill deadline.

35.     Even though the Defendants failed to provide the Contracted Services and thereby breached their contract with the Plaintiffs, the Defendants are continuing to wrongfully bill and attempt to collect payments from the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.     Judgment against the Defendants and relief of the Plaintiffs' obligations under any contractual agreement with the Defendants for the services and merchandise outlined herein;

B.     An award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to the Defendants for the Fleetmatics Agreement as set out herein;

C.     An award of the an amount equal to the Plaintiffs' and similarly situated individuals', who have incurred additional fees and costs for having to purchase and/or contract with other companies to become DOT EDL compliant;

D.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

E.     Leave to add additional Plaintiffs by the filing of written consent forms,

or any other method approved by the Court;

F.      Costs and attorneys' fees to the extent allowed by law; and

G.      All compensatory and punitive damages to which the Plaintiffs are
entitled and for such other and further relief as the Court deems just and proper.

<u>COUNT THREE - MISREPRESENTATION AND FRAUD</u>

36.      The Plaintiff realleges and incorporates all above paragraphs as if fully
set out herein

37.      The Defendants, who were the provider of goods and services,
misrepresented to the Plaintiffs their actions, willfully and intentionally deceived the
Plaintiffs, were negligent in not upholding the Agreement, and committed legal fraud.

38.      The Plaintiffs all negotiated, relied and contracted with the Defendants
to have ELD units timely and properly installed and maintained in their trucks.
Additionally, the Defendants were to provide timely, proper and adequate training,
customer service, monitoring and maintenance  of the ELD units in accordance with
US DOT EDL standards and the EDL Bill.

39.      To date, the Defendants failed and or refused to provide the Contracted
Services to the Plaintiffs.

40.      The Defendants willfully deceived the Plaintiffs with the intent to induce

11

them to alter their position to this injury or risk, by misrepresenting that the Defendants would properly install the EDL units in accordance with the EDL Bill. The deceit within the meaning of legal fraud is the suggestion as a fact of that which is not true by one who does not believe it to be true; the assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true; the suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact; or a promise made without any intention of performing it. *See* Ala. Code §6-5-104.

41.     Due to the failure of the Defendants to provide the Contracted Services to the Plaintiffs, the Plaintiffs were forced to contract with other companies, such as Omni Track, who installed EDL units in order for the Plaintiffs to be EDL compliant before the December 16, 2017 and April 1, 2018, EDL Bill deadline.  The Plaintiffs are now under contract and indebted to the third party company, who provided to the Plaintiffs the Contracted Services before the EDL Bill deadline.

42.     Even though the Defendants failed to provide the Contracted Services and thereby breached their contract with the Plaintiffs, the Defendants are continuing to wrongfully bill and attempt to collect payments from the Plaintiffs.

43.     Due to the Defendants' misrepresentations, fraud and all adverse actions associated therewith, the Plaintiffs have extensive out-of-pocket monetary and

emotional damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:     A.     J u d g m e n t against the Defendants and relief of the Plaintiffs' obligations under any contractual agreement with the Defendants for the services and merchandise outlined herein;

B.     An award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to the Defendants for the Fleetmatics Agreement as set out herein;

C.     An award of the an amount equal to the Plaintiffs' and similarly situated individuals', who have incurred additional fees and costs for having to purchase and/or contract with other companies to become DOT EDL compliant;

D.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

E.     Leave to add additional Plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.     Costs and attorneys' fees to the extent allowed by law; and

G.     All compensatory and punitive damages to which the Plaintiffs are entitled and for such other and further relief as the Court deems just and proper.

COUNT FOUR – CONVERSION

44     The Plaintiff realleges and incorporates all above paragraphs as if fully set out herein.

45.    Through the Defendants' adverse actions, the Defendants wrongfully converted the Plaintiffs' money for their own benefit and continue to attempt to collect monies for their own benefit without performing their contracted obligation under the contract, the Agreement.

46.    The Plaintiffs all negotiated, relied and contracted with the Defendants to have ELD units timely and properly installed and maintained in their trucks. Additionally, the Defendants were to provide timely, proper and adequate training, customer service, monitoring and maintenance of the ELD units in accordance with US DOT EDL standards and the EDL Bill.

47.    To date, the Defendants failed and or refused to provide the Contracted Services to the Plaintiffs.

48.    Due to the failure of the Defendants to provide the Contracted Services to the Plaintiffs, the Plaintiffs were forced to contract with other companies, such as Omni Track, who installed EDL units in order for the Plaintiffs to be EDL compliant before the December 16, 2017 and April 1, 2018, EDL Bill deadline. The Plaintiffs are now under contract and indebted to the third party company, who provided to the Plaintiffs the

14

Contracted Services before the EDL Bill deadline.

49.     Even though the Defendants failed to provide the Contracted Services and thereby breached their contract with the Plaintiffs, the Defendants are continuing to wrongfully bill and attempt to collect payments from the Plaintiffs.

50.     Due to the Defendants' misrepresentations and fraud and all adverse actions associated therewith, the Plaintiff has extensive out-of-pocket monetary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.     Judgment against the Defendants and relief of the Plaintiffs' obligations under any contractual agreement with the Defendants for the services and merchandise outlined herein;

B.     An award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to the Defendants for the Fleetmatics Agreement as set out herein;

C.     An award of the an amount equal to the Plaintiffs' and similarly situated individuals', who have incurred additional fees and costs for having to purchase and/or contract with other companies to become DOT EDL compliant;

D.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

E.      Leave to add additional Plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.      Costs and attorneys' fees to the extent allowed by law; and

G.      All compensatory and punitive damages to which the Plaintiffs are entitled and for such other and further relief as the Court deems just and proper.

<u>COUNT FIVE - MONEY HAD AND RECEIVED</u>

51.     The Plaintiff realleges and incorporates all above paragraphs as if fully set out herein.

52.     The Defendants' adverse actions wrongfully converted  the Plaintiff's money for their own benefit.

53.     The Plaintiffs all negotiated, relied and contracted with the Defendants to have ELD units timely and properly installed and maintained in their trucks. Additionally, the Defendants were to provide timely, proper and adequate training, customer service, monitoring and maintenance  of the ELD units in accordance with US DOT EDL standards and the EDL Bill.

54.     To date, the Defendants failed and or refused to provide the Contracted Services to the Plaintiffs.

55.     Due to the failure of the Defendants to provide the Contracted Services to the Plaintiffs, the Plaintiffs were forced to contract with other companies, such as

Omni Track, who installed EDL units in order for the Plaintiffs to be EDL compliant before the December 16, 2017 and April 1, 2018, EDL Bill deadline. The Plaintiffs are now under contract and indebted to the third party company, who provided to the Plaintiffs the Contracted Services before the EDL Bill deadline.

56.     Even though the Defendants failed to provide the Contracted Services and thereby breached their contract with the Plaintiffs, the Defendants are continuing to wrongfully bill and attempt to collect payments from the Plaintiffs.

57.     As a result of the adverse actions of the Defendants, the Plaintiffs and other members similarly situated have been deprived of property and money.

58.     The Defendants owe the Plaintiffs, and all others similarly situated, the moneys paid and any costs associated therewith in contravention of federal and Alabama law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.     Judgment against the Defendants and relief of the Plaintiffs' obligations under any contractual agreement with the Defendants for the services and merchandise outlined herein;

B.     An award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to the Defendants for the Fleetmatics Agreement as set

out herein;

C.      An award of the an amount equal to the Plaintiffs' and similarly situated individuals', who have incurred additional fees and costs for having to purchase and/or contract with other companies to become DOT EDL compliant;

D.      An award of prejudgment interest (to the extent liquidated damages are not awarded);

E.      Leave to add additional Plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.      Costs and attorneys' fees to the extent allowed by law; and

G.      All compensatory and punitive damages to which the Plaintiffs are entitled and for such other and further relief as the Court deems just and proper.

## COUNT SIX - BREACH OF BUSINESS FIDUCIARY DUTY

59.     The Plaintiff realleges and incorporates all above paragraphs as if fully set out herein.

60.     Based on the Defendants' incompetence and imprudent actions leading to losses, negligent action causing improper use of position and assets, self-dealing or conflict of interest, fraud, misappropriation, deception, misinformation, and false disclosures, breach of a contractual agreement and all adverse actions associated therewith, the Defendants breached their fiduciary duties to the Plaintiffs by not

18

providing the Contracted Services.

61.     The Defendants' actions meet the four principles of a breach of business fiduciary duties and warrants a claim by the Plaintiffs for damages. The Defendants had an existence of fiduciary obligation, duty of loyalty, obedience, care and disclosure toward the Plaintiff.  The Defendants' violation of the duties caused the Plaintiffs' injuries and all others similarly situated.

62.     Due to the Defendants' misrepresentations, fraud and all adverse actions associated therewith, the Plaintiffs have extensive out-of-pocket monetary and emotional damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.     Judgment against the Defendants and relief of the Plaintiffs' obligations under any contractual agreement with the Defendants for the services and merchandise outlined herein;

B.     An award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to the Defendants for the Fleetmatics Agreement as set out herein;

C.     An award of the an amount equal to the Plaintiffs' and similarly situated individuals', who have incurred additional fees and costs for having to purchase

and/or contract with other companies to become DOT EDL compliant;

D.      An award of prejudgment interest (to the extent liquidated damages are not awarded);

E.      Leave to add additional Plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.      Costs and attorneys' fees to the extent allowed by law; and

G.      All compensatory and punitive damages to which the Plaintiffs are entitled and for such other and further relief as the Court deems just and proper.

## COUNT SEVEN - UNJUST ENRICHMENT

63.     The Plaintiffs incorporate all paragraphs set out above as if fully set out herein.

64.     The Plaintiffs all negotiated, relied and contracted with the Defendants to have ELD units timely and properly installed and maintained in their trucks. Additionally, the Defendants were to provide timely, proper and adequate training, customer service, monitoring and maintenance of the ELD units in accordance with US DOT EDL standards and the EDL Bill.

65.     To date, the Defendants failed and or refused to provide the Contracted Services to the Plaintiffs.

66.     Due to the failure of the Defendants to provide the Contracted Services to the Plaintiffs, the Plaintiffs were forced to contract with other companies, such as Omni Track, who installed EDL units in order for the Plaintiffs to be EDL compliant before the December 16, 2017 and April 1, 2018, EDL Bill deadline. The Plaintiffs are now under contract and indebted to the third party company, who provided to the Plaintiffs the Contracted Services before the EDL Bill deadline.

67.     Even though the Defendants failed to provide the Contracted Services and thereby breached their contract with the Plaintiffs, the Defendants are continuing to wrongfully bill and attempt to collect payments from the Plaintiffs.

68.     As a result of the policies and practices of the Defendants, Defendants have been unjustly enriched to the detriment of Plaintiffs and others similarly situated.

69.     The Defendants owe the Plaintiffs and others similarly situated those amounts collected which are in violation of Alabama and federal law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A.      Judgment against the Defendants and relief of the Plaintiffs' obligations under any contractual agreement with the Defendants for the services and merchandise outlined herein;

B.     An award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to the Defendants for the Fleetmatics Agreement as set out herein;

C.     An award of the an amount equal to the Plaintiffs' and similarly situated individuals', who have incurred additional fees and costs for having to purchase and/or contract with other companies to become DOT EDL compliant;

D.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

E.     Leave to add additional Plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F.     Costs and attorneys' fees to the extent allowed by law; and

G.     All compensatory and punitive damages to which the Plaintiffs are entitled and for such other and further relief as the Court deems just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY.**

/s/ Kimberly R. Dodson
KIMBERLY R. DODSON
ASB-0487-L58D; DODS023

**OF COUNSEL:**

LAW OFFICES OF KIMBERLY R. DODSON, LLC
25 County Road 262
Hanceville, AL 35077
Telephone (205) 252-2500 or (256) 727-4221
DODSONLAW@OUTLOOK.COM

**Please Serve Defendants by Certified Mail at:**

Fleetmatics
d/b/a Verizon Connect Fleet USA, LLC
c/o Registered Agent and/or Service Agent
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Verizon Connect Fleet USA, LLC
c/o Registered Agent and/or Service Agent
2 North Jackson Street, Suite 605
Montgomery, AL 36104

/s/ Kimberly R. Dodson_____
OF COUNSEL