FILED

2018 Nov-19  PM 07:03
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HIGHLAND TRUCKING, LLC, | ) | |
| SOUTHERN ARMOUR FREIGHT, INC. | ) | |
| KK'S TRUCKING, LLC, | ) | |
| JEB EXPRESS, LLC, | ) | |
| AND GAP TRUCKING, LLC | ) | |
| individually and on behalf of themselves | ) | |
| and others similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-1123-KOB |
| | ) | **OPPOSED** |
| FLEETMATICS, a Verizon Corporation | ) | |
| d/b/a VERIZON CONNECT FLEET | ) | |
| USA, LLC and VERIZON CONNECT | ) | |
| FLEET USA, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
## WITH INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .....................................................................................1

II.     FACTUAL & PROCEDURAL BACKGROUND.........................................3

        A.      Verizon Connect's ELD Business.................................................3

        B.      Plaintiffs' Purported "Collective Action Complaint" ..........................6

III.    MEMORANDUM OF LAW.......................................................................7

        A.      Plaintiffs' Complaint Violates Federal Pleading Standards.................7

                1.      Plaintiffs' Complaint Should Be Dismissed As An
                        Impermissible Shotgun Pleading In Violation Of Rules
                        8(a) And 10(b).............................................................7

                2.      Plaintiffs' Complaint Should Also Be Dismissed For
                        Failure To Plead Fraud With Particularity As Required
                        Under Rule 9(b) ...........................................................9

                3.      Plaintiffs' Complaint Is Subject To Dismissal Under Rule
                        12(b)(6) ...................................................................12

        B.      Plaintiffs' Complaint Fails To State A Federal Cause Of Action......12

                1.      Plaintiffs' Complaint Is Subject To Dismissal, With
                        Prejudice, Under Rule 12(b)(1) For Lack Of Federal
                        Jurisdiction ................................................................12

                2.      Plaintiffs' Section 1983 Claim Fails As A Matter Of Law
                        And As A Result, This Court Lacks Federal Subject
                        Matter Jurisdiction .......................................................13

        C.      Plaintiffs' State Law Tort Claims Should Be Dismissed..................17

                1.      Plaintiffs' Tort Claims In Counts III, IV, V, VI, And VII
                        Should Be Dismissed As Duplicative Of Plaintiffs'
                        Breach Of Contract Claim .............................................17

                2.      Plaintiffs' Conversion Claim Fails As A Matter Of Law........20

                3.      Plaintiffs' Breach Of Business Fiduciary Duty Claim
                        Similarly Fails To State A Claim As A Matter Of Law .........22

        D.      The Court Should Dismiss The Complaint's Purported
                Collective Action Allegations And Correct The Caption .................25

## TABLE OF CONTENTS
(continued)

Page

1.  The Court Should Dismiss The Purported And Improper "Collective Action" Allegations Of The Complaint................25

2.  Alternatively, In The Event The Court Allows Plaintiffs To Re-Plead In Federal Court, The Incorrectly Named Defendant Should Be Dismissed And The Caption Should Be Corrected ...............................................27

IV.   CONCLUSION...............................................................28

CERTIFICATE OF SERVICE ...........................................29

Defendants, Fleetmatics, a Verizon Corporation d/b/a Verizon Connect Fleet USA LLC and Verizon Connect Fleet USA LLC (collectively, "Verizon Connect"),[1] pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 10(b), 12(b)(1), and 12(b)(6), move to dismiss the Complaint (ECF No. 1) of Plaintiffs' Gap Trucking, LLC ("Gap"), Highland Trucking, LLC ("Highland"), JEB Express, LLC ("JEB"), KK's Trucking, LLC ("KK's"), and Southern Armour Freight, Inc. ("Southern Armour"), *with prejudice*, for lack of federal subject matter jurisdiction and for other pleading deficiencies.[2]  In support hereof, Verizon Connect states as follows:

## I.      INTRODUCTION

Plaintiffs, five trucking companies, bring a purported "Collective Action Complaint" alleging claims individually and on behalf of those "similarly situated" against Verizon Connect.  Although the Complaint alleges only scant "facts," the crux of all of Plaintiffs' claims is that Verizon Connect breached its contractual

---

[1] Contrary to the Complaint's allegations, the two named Verizon defendants are in fact one legal entity.  On March 6, 2018, Fleetmatics USA, LLC changed its name to Verizon Connect Fleet USA LLC.  Accordingly, Verizon Connect Fleet USA LLC is the only properly named defendant and there is no comma in the legal name of Verizon Connect Fleet USA LLC.

[2] As set forth in Verizon Connect's contemporaneously filed Motion to Transfer, Plaintiffs' claims should be transferred pursuant to the governing agreements' mandatory forum selection clauses. As a matter of proper sequencing, Verizon Connect respectfully suggests that the Court should decide the Motion to Transfer first to determine the appropriate forum before deciding the merits of this Motion to Dismiss.  *See, e.g.*, *Wisefame Int'l Ltd. v. FKA Distrib. Co.*, No. 1:08-cv-0641-WSD, 2008 U.S. Dist. LEXIS 130589, at *9 (N.D. Ga. Nov. 7, 2008) ("The interest of justice and comity requires this Court to allow the transferee Court to address the Defendant's dismissal arguments . . . in the first instance following transfer."); *see also  Moore v. Baker*, No. 2:18-cv6-MHT, 2018 U.S. Dist. LEXIS 116662 (M.D. Ala. July 13, 2018)(granting motion to transfer, and holding that "[a]ll other pending motions are left for resolution by the transferee court").

obligations for the provision of telematics subscription services related to electronic logging devices ("ELD") in their fleets of vehicles.  These obligations allegedly arise from separate agreements with each Plaintiff consisting of a "Services Order Form with attached General Terms and Conditions."  *See* ECF No. 1, *Compl*. ¶ 16.

As set forth below, Plaintiffs' Complaint should be dismissed in its entirety, based on myriad procedural and legal deficiencies.  As a threshold pleading matter, the Complaint is a classic and impermissible "shotgun" pleading that improperly incorporates each prior count into each successive count in violation of Rules 8(a) and 10(b).  Plaintiffs also fail to plead the purported "fraud" based claims with particularity as required by Rule 9(b).  Specifically, Plaintiffs do not even attempt to allege the "who, what, when, where, and how" of any purported fraud separate and distinct from the breach of contract claims.

In addition to these clear pleading deficiencies, the entirety of Plaintiffs' Complaint must be dismissed, *with prejudice*, because the Court lacks federal subject matter jurisdiction under Rule 12(b)(1).  Plaintiffs' sole basis for federal jurisdiction is their purported Section 1983 claim, which fails as a matter of law to state a claim.  As a matter of blackletter law, a Section 1983 claim must arise from action by or on behalf of a "state actor" which deprives a plaintiff of some constitutional or other legal rights.  No such facts exist here in this straightforward breach of contract action between commercial business entities.

Although the dismissal of the Section 1983 claim should end this Court's inquiry, Plaintiffs' remaining purported state law tort claims also fail as a matter of law because Plaintiffs cannot transform their straightforward breach contract claims into state law tort claims.  Plaintiffs also fail to plead facts sufficient to state a viable claim for relief for either conversion or breach of fiduciary duty.

Finally, Plaintiffs' purported "Collective Action" allegations in the Complaint should be dismissed as Plaintiffs have not invoked and cannot invoke the statutory procedural mechanism for "collective action" which is only available for employee wage and hour claims asserted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  No such claims exist here.

Accordingly, the Complaint is due to be dismissed in its entirety.

## II.   FACTUAL & PROCEDURAL BACKGROUND[3]

### A.   Verizon Connect's ELD Business

Verizon Connect is a Delaware limited liability company, with its principal place of business located at 1100 Winter Street, Suite 4600, Waltham, Massachusetts 02451. *Polinsky Dec*. ¶ 4.[4]  Prior to a name change effective March 6, 2018, Verizon

---

[3] Verizon Connect accepts the allegations of the Complaint as true only for purposes of this Motion. *See Lord Abbett Mun. Income Fund. v. Tyson*, 671 F.3d 1203, 1206 (11th Cir. 2012).

[4] In support of this Motion, Verizon Connect relies on the contemporaneously filed Declaration of Avram Polinsky and Plaintiffs' separate agreements attached as Exhibits A-F thereto.  Because Plaintiffs refer to the agreements as central to their claims, the Court "may consider the [agreements] part of the pleadings for purposes of a 12(b)(6) dismissal, [without] conversion of the motion into a motion for summary judgment."   *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Connect was known as Fleetmatics USA LLC ("Fleetmatics"). *Id.; see also* http://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?FEIN=0010 59428&SEARCH_TYPE=1.[5] As a result, each of the agreements alleged in the Complaint are between each Plaintiff and Verizon Connect Fleet USA LLC.

As conceded in the Complaint, each of the five trucking company Plaintiffs in this lawsuit executed individual agreement(s) with Verizon Connect for the provision of telematics services. *See* ECF No. 1, *Compl.* at ¶¶ 16-22; *see also Polinsky Dec.*, Exhs. A-F. Each of the separate agreements consist of a services order form, which describes the purchased services, and the general terms and conditions attached thereto (the "Agreement(s)"). *Polinsky Dec.*, Exhs. A-F.

Specifically, each Plaintiff entered into the following Agreement(s) with Verizon Connect: (i) Gap's one Agreement is dated November 7, 2017, *see Polinsky Dec.*, Ex. A; (ii) Highland's two Agreements are dated July 31, 2017 and September 15, 2017, *see id.*, Composite Ex. B; (iii) JEB's one Agreement is dated June 28, 2017, *id.*, *Ex.* C; (iv) KK's four Agreements are dated March 29, 2017, July 5, 2017, July 21, 2017, and October 9, 2017, *id.*, Composite Ex. D; and (v) Southern Armour's seven Agreements are dated August 29, 2016, December 28, 2016, April

---

[5] As a public record maintained by the Secretary of the Commonwealth of Massachusetts Corporations Division, this Court may judicially notice Verizon Connect's Business Entity Summary. *See, e.g.*, *Birmingham Plumbers & Steamfitters Local 91 Pension Plan v. Iron Mountain Construction, Inc.*, 2016 U.S. Dist. LEXIS, at *3 n. 2 (N.D. Ala. 2016)(judicially noticing "information found on the website of the Alabama Secretary of State").

26, 2017, May 18, 2017, June 30, 2017, November 20, 2017, and December 28, 2017.  *Id.*, Composite Exhs. E, F.

Among other provisions, each Agreement includes a mandatory choice of law and forum selection provision.  *Polinsky Dec*. ¶ 13, Exhs, A-F. In a separate provision clearly titled "Governing Law and Jurisdiction," four of the Plaintiffs agreed that their respective Agreements "shall be construed in accordance with Commonwealth of Massachusetts law, and shall be subject to the exclusive jurisdiction of the courts of the Commonwealth of Massachusetts, United States of America." *See id.*, § P, Exhs, A-E.  One of the Plaintiffs, Southern Armour, agreed in a provision clearly titled "Governing Law, Jurisdiction and Waiver of Jury Trial," that its two most recent Agreements (dated November 20, 2017 and December 28, 2017) "shall be construed in accordance with the laws of the State of New York, and shall be subject to the exclusive jurisdiction of the state and federal courts of New York, New York." *See id.*, § O, Composite Ex. F.[6]  Because dismissal of Plaintiffs' state law claims is warranted under the laws of Alabama, Massachusetts, and New York, Verizon Connect cites authority from all three jurisdictions where appropriate.

---

[6] Prior to entering into these two Agreements, Southern Armour entered into five earlier dated Agreements, which contained the same Massachusetts choice of law and forum selection provision as the other four Plaintiffs. *See Polinsky Dec.*, § P, Composite Ex. E.

**B.      Plaintiffs' Purported "Collective Action Complaint"**

On July 20, 2018, Plaintiffs filed this lawsuit as a so-called purported "Collective Action Complaint". ECF No. 1. In the Complaint, Plaintiffs purport to bring claims both individually and on behalf of those "similarly situated" for: (i) violation of 42 USC § 1983 ("Section 1983"); (ii) breach of contract; (iii) misrepresentation and fraud; (iv) conversion; (v) money had and received; (vi) breach of business fiduciary duty; and (vii) unjust enrichment.

Although the Complaint alleges only scant "facts," the crux of all of Plaintiffs' claims is that Verizon Connect purportedly breached its contractual obligations for the provision of subscription services, related to ELD devices.[7] In fact, all seven claims expressly allege that Plaintiffs "contracted with [Verizon Connect] to become EDL [sic] compliant," but Verizon Connect purportedly "failed and or refused to provide the [c]ontracted [s]ervices to the Plaintiffs." *See id.* at ¶¶ 12-15, 26-29, 32-35, 38-39, 46-49, 53-56, 64-67. Each Count of the Complaint "realleges and incorporates all above paragraphs as if fully set out herein." *See* ECF No. 1, *Compl.* at ¶¶ 24, 31, 36, 44, 51, 59, and 63. Based on these allegations, each Count seeks contractual forms of relief, including: (i) "relief of the Plaintiffs' obligations under any contractual agreement with [Verizon Connect] for the services and merchandise

---

[7] As defined in 49 CFR 395.2, an electronic logging device is "a device or technology that automatically records a driver's driving time and facilitates the accurate recording of the driver's hours of service, and that meets the requirements of subpart B of [Title 49, Part 395 of the Code of Federal Regulations]."

outlined herein"; and (ii) "[a]n award of an amount equal to the Plaintiffs' and similarly situated individuals' payments made to [Verizon Connect] for the Fleetmatics Agreement." *See id.* at ¶¶ 8, 10, 13, 15, 17, 19, 21.

In light of the foregoing, and as more fully set forth below, the Complaint should be dismissed in its entirety due to myriad pleading and legal deficiencies, including this Court's lack of federal subject matter jurisdiction.

### III.    MEMORANDUM OF LAW

Plaintiffs' Complaint should be dismissed for failure to comply with Rules 8(a), 9(b), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure.  In addition, Count I fails to state a Section 1983 claim, and, therefore, Plaintiffs have not properly invoked this Court's federal subject matter jurisdiction, and the Complaint should be dismissed pursuant to Rule 12(b)(1).  Even if this Court had jurisdiction, Plaintiffs' remaining state law tort claims should be dismissed as the Complaint is devoid of facts alleging anything more than a breach of contract.

**A.    Plaintiffs' Complaint Violates Federal Pleading Standards**

**1.    Plaintiffs' Complaint Should Be Dismissed As An Impermissible Shotgun Pleading In Violation Of Rules 8(a) And 10(b)**

As a threshold matter, Plaintiffs' Complaint violates the well-settled pleading requirements that pleadings: (i) contain only a "short and plain" statement of the relevant facts, Fed. R. Civ. P. 8(a); and (ii) be made "in numbered paragraphs, each

limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b)(2). For these reasons alone, the Complaint should be dismissed in its entirety.

Like the Complaint here, the typical shotgun pleading reincorporates preceding counts such that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be pled in separate counts, *see id.*, and is the type of complaint that courts have concluded in "a very real sense, amount to obstruction of justice." *See, e.g., Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times.").

The instant Complaint is a classic shotgun-style pleading. On its face, the Complaint improperly reincorporates all prior allegations in all prior counts into each successive count. *See* ECF No. 1, *Compl.* at ¶¶ 24, 31, 36, 44, 51, 59, and 63. As the Eleventh Circuit has expressly held, Plaintiffs' pleading violations warrant dismissal. *See, e.g., Magluta*, 256 F.3d at 1284; *Byrne v. Nezhat*, 261 F.3d 1075,

1129-31 (11th Cir. 2001); *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir. 1985);

*Karhu v. Vital Pharms., Inc*., No. 13-60768-CIV, 2013 U.S. Dist. LEXIS 112613, at

\*3 (S.D. Fla. Aug. 9, 2013).   Accordingly, the Court should dismiss the improper

shotgun-style Complaint for violation of these fundamental pleading principles.

### 2.   Plaintiffs' Complaint Should Also Be Dismissed For Failure To Plead Fraud With Particularity As Required Under Rule 9(b)

Because Plaintiffs improperly incorporate all paragraphs into each Count of

the Complaint, they allege fraud and misrepresentation as a part of each claim. *See*

*Compl*. at ¶¶ 24, 31, 36, 44, 51, 59, and 63.  To the extent any claims in the Complaint

purport to be based on fraud, all such claims should be dismissed for failure to

comply with Rule 9(b)'s heightened pleading requirements.   At a minimum,

however, Count III for "misrepresentation and fraud" must be dismissed.

To satisfy Rule 9(b), Plaintiffs must specifically allege: (i) precisely what

statements were made in which documents or oral representations, or what omissions

were made; (ii) the time and place of each such statement and the person responsible

for making (or, in the case of omissions, not making) same; (ii) the content of such

statements and the manner in which they misled the plaintiff; and (iv) what benefit

the defendants obtained as a consequence of the fraud.   *Ziemba v. Cascade Int'l,*

*Inc*., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal citations omitted).   Put

differently, Plaintiffs' Complaint must include the who, what, when, where, and how

of any allegedly false statements. *Mizzaro v. Home Depot, Inc*., 544 F. 3d 1230,

1237 (11th Cir. 2008).  Rule 9(b) thus serves an important purpose by providing defendants with notice of the "precise misconduct with which they are charged" and protecting defendants "against spurious charges of immoral and fraudulent behavior."  *Ziemba*, 256 F.3d at 1202 (citations omitted).

Plaintiffs' allegations do not come close to meeting Rule 9(b)'s heightened pleading requirements.  In conclusory fashion, Plaintiffs allege that Verizon Connect "misrepresented to the Plaintiffs their actions, willfully and intentionally deceived the Plaintiffs, were negligent in not upholding the Agreement, and committed legal fraud."  *See* ECF No. 1, *Compl.* at ¶ 37.  Without any supporting facts, Plaintiffs further allege that Verizon Connect "willfully deceived the Plaintiffs with the intent to induce them to alter their position to this injury or risk."  *Id.* at ¶ 40.

However, nowhere in the Complaint do Plaintiffs specify the purported omissions and misrepresentations upon which they allegedly relied.  Indeed, Plaintiffs fail to allege any extra-contractual promises that were misleading, and likewise fail to articulate the content of the purportedly false statements that allegedly deceived them.[8]  It is equally unclear from Plaintiffs' scant allegations how

---

[8] *See Barrett v. Scutieri*, 281 Fed. App'x. 952, 954 (11th Cir. 2008) (affirming dismissal of fraud claim in stockholder derivative lawsuit where plaintiff failed to set forth specific statements or omissions made by the stockholders); *Lewis v. State Farm Fire & Cas. Co.*, No. CA 10-0718-KD-C, 2011 U.S. Dist. LEXIS 47443, at *19 (S.D. Ala. Apr. 13, 2011) (dismissal appropriate where "nowhere in the complaint do the plaintiffs identify the precise misrepresentations or omissions … the time, place, and person(s) responsible... [or] content and manner in which the statements/omissions misled").

the purported misrepresentations were made (i.e., orally or in writing).  Plaintiffs further fail to identify when and where the alleged misrepresentations and omissions were made.  In fact, they do not allege the specific date or even a range of dates when any purported misrepresentation or omission was made, or where it was made.  *See United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311-12 (11th Cir. 2002) (affirming Rule 9(b) dismissal of *qui tam* action where appellant failed to allege when improper claims were made).

Moreover, although Plaintiffs generally and collectively allege that the "Defendants" made purported misrepresentations, nowhere in the Complaint do Plaintiffs identify the names of any individuals that allegedly made any such statements.  Finally, Plaintiffs fail to articulate what benefit Verizon Connect allegedly obtained as a result of the purported fraudulent scheme.  *Perret v. Wyndham Vacation Resorts, Inc*., 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) (dismissing fraud claims in part because plaintiff failed to allege what defendant obtained as a result of the fraud); *Drew Estate Holding Co., LLC v. Fantasia Distrib*., No. 11-21900-CIV-ALTONAGA/Simonton, 2012 U.S. Dist. LEXIS 7910, at *20 (S.D. Fla. Jan. 24, 2012) (same).

Because Plaintiffs improperly incorporate all allegations, including all "fraud" allegations, into each Count of the Complaint, and wholly fail to plead even the most basic facts concerning the who, what, when, where, why, and how of the purported

fraud with requisite particularity, the entire Complaint must be dismissed for failure to meet Rule 9(b)'s heightened pleading standards.  At a minimum, Count III and all other claims and allegations purportedly based upon any "fraud" or "misrepresentation(s)" should be dismissed from the Complaint.

### 3.   Plaintiffs' Complaint Is Subject To Dismissal Under Rule 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss, a court must "limit [its] consideration to the well-pleaded factual allegations," *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), and determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  As set forth below, Count I and Counts III through VII of the Complaint are subject to dismissal for failure to state a claim under Rule 12(b)(6).

### B.   Plaintiffs' Complaint Fails To State A Federal Cause Of Action

### 1.   Plaintiffs' Complaint Is Subject To Dismissal, With Prejudice, Under Rule 12(b)(1) For Lack Of Federal Jurisdiction

Pursuant to Rule 12(b)(1) a party may move to dismiss a Complaint for "lack of subject matter jurisdiction."  At this Court recently explained, "where 'a Rule

12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdiction attack before addressing any attack on the merits.'" *See Burns v. Brazzolotto*, Civil Action No. 4:17-CV-1728-VEH, 2018 U.S. Dist. LEXIS 65162, at *3 (N.D. Ala. Apr. 18, 2018) (granting Rule 12(b)(1) motion to dismiss complaint that based its jurisdiction on what "appear[ed]" to be a Section 1983 claim, but that claim failed as a matter of law)(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).  The same result is mandated here.

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (quoting *Ramming*, 281 F.3d at 161.").  However, "the burden of proof on a motion to dismiss for lack of subject matter jurisdiction" is on Plaintiffs, to show why there is federal subject matter jurisdiction here. *Id.* (plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist.") (quotation omitted). As set forth below, because Count I of the Complaint is subject to dismissal, the entirety of Plaintiffs' Complaint must be dismissed, *with prejudice*, for lack of subject matter jurisdiction.

### 2.     Plaintiffs' Section 1983 Claim Fails As A Matter Of Law And As A Result, This Court Lacks Federal Subject Matter Jurisdiction

Notwithstanding the above-identified pleading deficiencies, Plaintiffs' purported claim under 42 U.S.C. § 1983 fails to state a claim as a matter of law.  As

a threshold matter, because Plaintiffs allege subject matter jurisdiction based on this claim, its dismissal should result in Rule 12(b)(1) dismissal of Plaintiffs' entire Complaint for lack of federal subject matter jurisdiction.  *See, e.g.*, *Patrick v. Dubose*, No. 2:10-00592-CG-C 2012 U.S. Dist. LEXIS 77856, at *5 (S.D. Ala. May 9, 2012) (*sua sponte* dismissing complaint where the sole basis for subject matter jurisdiction was a Section 1983 claim that failed because it alleged nothing more than a simple breach of contract), *adopted by Patrick v. Dubose*, 2012 U.S. Dist. LEXIS 77853 (S.D. Ala. June 5, 2012).

By its terms, Section 1983 only permits "civil action[s] for deprivation of rights, privileges, or immunities secured by the Constitution and laws" by a person "under color" of law.  42 U.S.C. § 1983.  As the Supreme Court has repeatedly held, a Section 1983 claim can only survive if the defendant was a state actor or was acting under color of law.  *See e.g.*, *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (U.S. 1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach '*merely private conduct*, no matter how discriminatory or wrongful'") (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1 (1948)). Plaintiffs' Complaint is utterly devoid of any allegations that support a viable Section 1983 claim against Verizon Connect.

Plaintiffs' Section 1983 claim fails to survive the first step in the analysis because Verizon Connect is not "state actor" and was not "acting under color of state law," and there are no such allegations (nor could there be). *Ball v. McCoullough*, No. 2:16-CV-01425-RDP, 2017 U.S. Dist. LEXIS 171438, at *14 (N.D. Ala. Oct. 17, 2017) (citing *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010)). In fact, courts have unequivocally held that commercial agreements made between private parties ***do not constitute state action***. *See, e.g.*, *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017), *cert. denied*, 2018 U.S. LEXIS 3788 (U.S. June 18, 2018) (rejecting constitutional challenge to agreement because wireless provider was not a state actor). The same result is warranted here. Distilled to its essence, the Complaint at most alleges that Verizon Connect purportedly breached the Agreements. The Complaint does not even acknowledge the state action requirement, much less attempt to allege how it is satisfied here. Although private parties can be considered "state actors" for Section 1983 purposes in three narrowly defined circumstances, none of those limited exceptions apply to the private commercial and contractual relationship between the Plaintiffs and Verizon Connect. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Plaintiffs also utterly fail to allege any violation of their rights "secured by the Constitution and laws" of the United States – an essential element of a Section 1983 claim. *See Sullivan*, 526 U.S. at 49-50 ("To state a claim for relief in an action

brought under § 1983, respondents must establish that they were *deprived of a right secured by the Constitution or laws of the United States*"); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States").

Here, Plaintiffs have not alleged that Verizon Connect violated *any rights* purportedly secured by the *Constitution or other laws* of the United States.  Again, they allege only that Verizon Connect breached the negotiated Agreements between a business through its individual interactions with each Plaintiff.  It is well-settled that the mere breach of a privately negotiated agreement does not give rise to a Section 1983 claim.  *See Med. Laundry Svcs, a Div. of Oplco, Inc., v. Board of Trustees of Univ. of Ala.*, 906 F.2d 571, 573 (11th Cir. 1990); *Patrick v. Dubose*, at *5 ("At best, Plaintiff has asserted a state law claim of breach of contract against Defendants . . . a simple breach of contract does not rise to the level of a constitutional deprivation."), *adopted by Patrick v. Dubose*, 2012 U.S. Dist. LEXIS 77853 (S.D. Ala. June 5, 2012).  Accordingly, pursuant to Rule 12(b)(1), the entire Complaint must be dismissed as to all Plaintiffs, with prejudice, for lack of subject matter jurisdiction because Plaintiffs have not and cannot establish a federal Section 1983 claim based solely on an alleged breach of contract between private parties.

C.   **Plaintiffs' State Law Tort Claims Should Be Dismissed**

1.   **Plaintiffs' Tort Claims In Counts III, IV, V, VI, And VII Should Be Dismissed As Duplicative Of Plaintiffs' Breach Of Contract Claim**

Each of Plaintiffs' purported state law tort claims should also be dismissed as duplicative of their breach of contract claim.  This result is warranted regardless whether Alabama, Massachusetts, or New York law applies.[9]

***Alabama Law Mandates Dismissal.*** The Supreme Court of Alabama has clearly held that "a mere failure to perform a contractual obligation is not a tort." *Barber v. Bus. Prods. Ctr., Inc.*, 677 So.2d 223, 228 (Ala. 1996), *overruled on other grounds by White Sands Grp., LLC v. PRS II, LLC*, 32 So.3d 5 (Ala. 2009); *see also, Silver Ships, Inc. v. Codega*, No. 17-0404-CG-N, 2018 U.S. Dist. LEXIS 135233, at *4-5 (S.D. Ala. Aug. 10, 2018 (applying Alabama law, quoting *Barber* for same proposition, denying plaintiff's motion to amend to include additional tort claim which merely restated breach of contract claim). Indeed, "the general rule in Alabama is that the mere failure to perform a contractual obligation will not sustain an action sounding in tort." *Silver Ships* at *4-5; *see also Blake v. Bank of Am., N.A.*,

---

[9] As identified above, each of the Plaintiffs' Agreements contains a choice of law provision.  To determine whether the provision(s) apply, the Court must first ascertain whether "the specific issue at hand [is] a problem of law of contracts, torts, property, etc…to determine what choice of law rule" applies. *Garcia v. Pub. Health Tr.*, 841 F.2d 1062, 1064 (11th Cir. 1988) (quotation omitted). Here, because the claims all sound in contract, they all fall within the scope of the provision(s). *See Polinsky Dec.*, Exhs, A-F (the agreements "shall be construed in accordance with" Massachusetts or New York Law).  Therefore, the provisions should be enforced as to Plaintiffs' "tort" claims because they are really contract claims, and "Alabama law has long recognized the right of parties to an agreement to choose the law of a particular state to govern the agreement." *See Lifestar Response of Ala., Inc. v. Admiral Ins. Co.,* 17 So. 3d 200, 213 n.3 (Ala. 2009).

845 F. Supp. 2d 1206, 1210 (M.D. Ala. 2012)("Alabama does not recognize a tort-like cause of action for the breach of a duty created by contract")(*citing Vines v. Crescent Transit Co*., 85 So. 2d 436, 440 (Ala. 1956) ("a negligent failure to perform a contract . . . is but a breach of the contract")).  Applying Alabama law, this Court and other Alabama federal courts have routinely dismissed the type of recast "tort" claims raised by Plaintiffs.  *See e.g., Citizens Bank & Trust v. LPS Nat'l Flood, LLC*, 51 F. Supp. 3d 1157, 1169-72 (N.D. Ala. 2014) (collecting cases dismissing tort claims which were merely duplicative of breach of contract).

   ***Massachusetts Law Mandates Dismissal***:  Massachusetts courts have likewise dismissed state law tort claims where "the complaint fails to allege the defendant owed any duty apart from that owed pursuant to the agreement." *See Gargano v. Nat'l Floors Direct,* No. 2007-4843, 2008 Mass. Super. LEXIS 119, at *3 (Mass. Super. Ct. 2008) (granting motion to dismiss where Complaint merely alleged that defendant failed to "complete the removal and reinstallation of select flooring *per the agreed upon contract*.").   Indeed, the Massachusetts Supreme Court has explained that the "failure to perform a contractual obligation is not a tort in the absence of a duty to act apart from the promise made." *Anderson v. Fox Hill Vill. Homeowners Corp.*, 676 N.E.2d 821, 823 (Mass. 1997) (citing *Redgrave v. Boston Symphony Orchestra, Inc.,* 557 F. Supp. 230, 238 (D. Mass. 1983) ("a breach of contract is not, standing alone, a tort as well")).

*New York Law Mandates Dismissal:* New York's highest court has likewise affirmed dismissal of purported tort claims where the plaintiff alleges nothing more than a mere breach of contract. *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193-94 (N.Y. 1987)(affirming order granting motion to dismiss tort claims which were "merely a restatement" of "the cause of action for breach of contract.")(citing *Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc.,* 502 N.E.2d 1003, 1005 (N.Y. 1986)(fraud claim held to be dressed-up version of contract cause of action)). Indeed, under New York law, "[i]t is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Id.* at 389 (citing *Meyers v. Waverly Fabrics*, 479 N.E.2d 236, 239, n 2 (N.Y. 1985); *North Shore Bottling Co. v. Schmidt & Sons*, 239 N.E.2d 189, 193 (N.Y. 1968); *and Rich v. New York Cent. & Hudson Riv. R. R. Co*., 87 NY 382, 390 (N.Y. 1882)).

Here, each of Plaintiffs' claims allege nothing more than a simple breach of the Agreements, by repeatedly alleging that the Plaintiffs "negotiated, relied and contracted" with Verizon Connect, and Verizon Connect purportedly "*failed*" or "*failed and or refused* to provide the *Contracted* Services to the Plaintiffs." *See* ECF No. 1, *Compl.* ¶¶ 13, 15, 27, 29, 33, 35, 39, 42, 47, 49, 54, 56, 65, 67 (emphasis added). Although Plaintiffs' Complaint includes formulaic attempts to recast a simple breach of contract into various torts, it is devoid of any facts whatsoever

separate and apart from a breach of contract.  For this reason, dismissal is warranted regardless whether Alabama, Massachusetts, or New York law applies. Accordingly, each of Plaintiffs' purported state law tort claims in Counts III, IV, V, VI, and VII, should be dismissed as duplicative of Plaintiffs' breach of contract claim.

### 2.     Plaintiffs' Conversion Claim Fails As A Matter Of Law

Count IV should also be dismissed because Plaintiffs fail to state a claim for conversion under Alabama, Massachusetts, or New York law.

Generally, the elements of a conversion claim include: (1) the plaintiff had a right to possession or immediate possession of personal property; (2) defendant converted that property, wrongfully, by appropriating it or depriving the rightful owner of it; and (3) plaintiff sustained damages.  *Lewis v. Fowler*, 479 So. 2d 725, 726 (Ala. 1985); *Sweeney v. DeLuca*, No. 042338, 2006 Mass. Super. LEXIS 147, at *24-25 (Mass. Super. Ct. Mar. 6, 2006); *Colavito v. New York Organ Donor Network, Inc.*, 860 N.E.2d 713 (N.Y 2006).

Additionally, under Alabama, Massachusetts, and New York law, as here, where a plaintiff alleges *conversion of money*, the funds must be *specifically identifiable.  See e.g., Lewis* at 726 (holding it is "well settled" under Alabama law that "action will lie for the conversion [of money], where there is an obligation to keep intact and deliver the specific money in question, and where such money can

be identified.")(citations omitted); *see also Sweeney* at *25 (under Massachusetts law "[m]oney can be the subject of a claim for conversion if the money is a specifically identifiable lot of money, which the defendant was obligated to keep intact or deliver"); *see also Matter of Clark*, 45 N.Y.S.3d 41, 43, (N.Y. App. Div. 2017) (applying New York law, holding that "conversion claim was not stated since there are no allegations that the money … was specifically identifiable, was obligated to be returned, or otherwise treated in a particular manner.").

Finally, courts in New York and Alabama have also expressly held that conversion, as a specific tort, cannot stand where it is "predicated on a mere breach of contract." *Hamlet at Willow Creek Dev. Co., LLC v. Ne. Land Dev. Corp.*, 878 N.Y.S.2d 97, 117 (N.Y. App. Div. 2009) (quoting *MBL Life Assur. Corp. v. 555 Realty Co*., 658 N.Y.S.2d 122 (N.Y. App. Div. 1997)); *see also Treadwell Ford, Inc. v. Wallace*, 271 So. 2d 505, 507 (Ala. Ct. App. 1973), *overruled on other grounds by Indus. Techs., Inc. v. Jacobs Bank*, 872 So. 2d 819, 827 (Ala. 2003).

Although Plaintiffs allege Verizon Connect "wrongfully converted the Plaintiffs' money," there are no allegations describing how this purportedly occurred, nor is there any identification of what specifically identifiable money has allegedly been converted.  Additionally, as is the case with other torts, mere breach of contract claims cannot support a claim for conversion.  In light of these legal

deficiencies, the Court should dismiss Count IV of the Complaint as to all Plaintiffs for failure to state a claim.

### 3.   Plaintiffs' Breach Of Business Fiduciary Duty Claim Similarly Fails To State A Claim As A Matter Of Law

Count IV should likewise be dismissed because there are no facts alleged giving rise to a fiduciary obligation between arm's length business parties. To the extent Plaintiffs purport to bring a "breach of fiduciary duty" claim, Plaintiffs fail to state a claim because the Complaint fails to allege any facts that Verizon Connect owed Plaintiffs any fiduciary duty or obligations arising from the commercial contracts between the Plaintiffs and Verizon Connect.

It is well established that for a fiduciary relationship to exist, there must be a relationship of trust beyond a mere contractual relationship. *See e.g.*, *Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185 (Ala. 2008) ("a fiduciary duty may arise when the customer reposes trust" and relies upon the defendant for advice) (citations omitted); *see also New Webster Nursing Home v. Roy*, No. 93-1909B, 1995 Mass. Super. LEXIS 685, at *11 (Mass. Super. Ct. May 30, 1995) (fiduciary relationships "exist whenever one person trusts and relies on another"); *see also Brooks v. Key Tr. Co. Nat'l Ass'n*, 809 N.Y.S.2d 270, 272 (N.Y. App. Div. 2006) (for a fiduciary relationship to exist there must be an obligation of "higher trust than would arise from [contract] alone"), *appeal dismissed by Brooks v. Key Trust Co. Nat'l Ass'n*, 850 N.E.2d 672, 817 (N.Y. 2006).  As set forth below, under each state's

law, a fiduciary relationship does not and cannot exist between business entities based solely upon an arm's length commercial transaction.

Put simply, an arm's length contractual relationship between two private business entities does not give rise to a fiduciary relationship. *See e.g.*, *Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. 09-CV-773-CLS-NW, 2012 WL 13024378, at *10–11 (N.D. Ala. June 20, 2012) (granting summary judgment on breach of fiduciary duty claim that merely restated breach of contract claim because "nothing in the record suggests that there was any fiduciary relationship between the parties."); *see also Ex parte Ford Motor Credit Co.*, 717 So. 2d 781, 787 (Ala. 1997) (affirming summary judgment dismissing claim that defendant had fiduciary duty to disclose certain information because there was no fiduciary duty where parties were "involved in an arm's-length commercial transaction …[were] not in a position of unequal bargaining power, and [plaintiff] was fully capable of protecting his own interests."); *see also Marshall v. Bankston Motor Homes, Inc.*, No. 5: 11-CV-02116-TMP, 2013 U.S. Dist. LEXIS 17284, at *48 (N.D. Ala. Feb. 8, 2013) (granting summary judgment on claim for fraudulent suppression because there was no duty do disclose certain information because "the relationship between the parties was an arm's-length commercial transaction, not involving any fiduciary duty.")

Similarly, under Massachusetts law, parties to "an arm's length business relation" do not owe each other fiduciary duties. *See Superior Glass Co. v. First*

*Bristol Cty. Nat'l Bank*, 406 N.E.2d 672, 674 (Mass. 1980)(explaining that a "plaintiff alone, by reposing trust and confidence in the defendant, cannot thereby transform a business relationship into one which is fiduciary in nature") (citing *Broomfield v. Kosow*, 212 N.E.2d 556, 559 (Mass. 1965)); *see also Fernandes v. Havkin*, 731 F. Supp. 2d 103, 110 (D. Mass. 2010) (granting summary judgment where "a customer who merely 'reposes confidence and respect in the judgment of another and trust in his character cannot, without more, transform a business relationship into one which is a fiduciary.'")(quotations omitted).

Finally, the same applies under New York law, where a fiduciary claim is "either expressly raised in plaintiff's breach of contract claim or encompassed within the contractual relationship" such a claim fails because a plaintiff has not "set forth allegations that, *apart from the terms of the contract*…created a relationship of higher trust." *Brooks* at 272 (affirming order granting motion to dismiss where breach of fiduciary duty claim was simply a breach of contract claim) (internal quotations omitted). Additionally, "absent extraordinary circumstances parties dealing at arms length in a commercial transaction lack the requisite level of trust or confidence between them necessary to give rise to a fiduciary obligation." *DDR Constr. Servs. v. Siemens Indus.*, 770 F. Supp. 2d 627, 656-57 (S.D.N.Y. 2011)

(applying New York law, granting motion to dismiss claim for breach of fiduciary duty where all that was alleged was arm's length transaction)(citations omitted).[10]

Plaintiffs' Complaint alleges nothing beyond a mere breach of contract between business entities.  There are no facts alleged (nor could there be) that give rise to anything more than an arm's length commercial transaction.  Because the Complaint is devoid of any factual allegations giving rise to any fiduciary duty, Count VI must be dismissed as to all Plaintiffs as a matter of law.

**D.   The Court Should Dismiss The Complaint's Purported Collective Action Allegations And Correct The Caption**

**1.     The Court Should Dismiss The Purported And Improper "Collective Action" Allegations Of The Complaint**

To the extent the Complaint is not dismissed in its entirety, the Complaint's purported "collective action" allegations should be dismissed. As noted above, it is well-settled that "collective actions" are unique procedural actions only available for employment-related claims under the FLSA.  *See* 29 U.S.C. § 216(b); *see also*, *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1331 (11th Cir. 2014) (The "statutory right to bring a collective action [arises] under FLSA § 16(b).").  As the Eleventh Circuit has expressly recognized, an FLSA collective action is "categorically separate . . . from other types of actions."  *Calderone v. Scott*, 838

---

[10] *Hammond v. The Bank of New York Mellon Corp.*, No. 08 Civ. 6060, 2010 U.S. Dist. LEXIS 71996, at *10 (S.D.N.Y. June 25, 2010) (no fiduciary duty when arms-length business counterpart defendant not under duty to act for plaintiff within the scope of the parties' relationship).

F.3d 1101, 1104–05 (11th Cir. 2016); *see also Campbell v. City of Los Angeles*, 2018 U.S. App. LEXIS 25951, *8-9 (9th Cir. Sept. 13, 2018) (recognizing that "[c]ollective actions and class actions are creatures of distinct texts — collective actions of section 216(b), and class actions of Rule 23 — that impose distinct requirements." (quoting 7B Fed. Prac. & Proc. Civ. § 1807 (collecting cases)). Plaintiffs have not alleged either a "collective" or "class" action here.

Here, Plaintiffs apparently seek to invoke the FLSA "collective action" procedures, but do not—and cannot—assert any claim under FLSA. The FLSA provides a cause of action for similarly situated *employees* to assert wage and hour violations against their *employers*, with a "prime purpose" of aiding the "unprotected, unorganized and lowest paid of the nation's working population…." *Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797, 800 (11th Cir. 2015) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (U.S. 1945)).[11]  Plaintiffs do not and cannot allege any employment relationship with Verizon Connect.

Accordingly, the Court should dismiss the purported collective action claims and allegations such as "collective action," "similarly situated," or other terms

---

[11] Congress created "the 'collective action' for *employees* to pursue FLSA claims collectively." *Alvarez v. BI Inc.*, 2018 U.S. Dist. LEXIS 83901, at *46-47 (E.D. Penn. May 17, 2018) (emphasis added).  Specifically, Section 216(b) provides that "[a]ny employer who violates the provisions of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b).  An action for such recovery under Section 216(b) may be brought "by any one or more *employees* for and in behalf of himself or themselves and other employees similarly situated."  *Id.* (emphasis added).

indicating the Complaint is filed on behalf of unidentified additional parties, from the following sections of the Complaint: (i) the case caption; (ii) heading III; (iii) paragraphs 10, 23, 57, 58, 61, 68, and 69; and (iv) the Wherefore clauses.  The Court should also strike Paragraph 23 of the Complaint, which exclusively focuses on the purported "collective" nature of the Complaint, in its entirety.

### 2. Alternatively, In The Event The Court Allows Plaintiffs To Re-Plead In Federal Court, The Incorrectly Named Defendant Should Be Dismissed And The Caption Should Be Corrected

In their Complaint, Plaintiffs appear to concede that both named Defendants are the same entity by way of their assignment of "d/b/a" designations, as well as by framing all allegations as if they are brought collectively against both Defendants as a single entity.  *See* ECF No. 1, *Compl.* at 1.  As set forth above, and in the supporting Declaration of Avram Polinsky, the two named Defendants are in fact the same legal entity.  *Polinsky Dec*.  ¶¶ 4-5.  Verizon Connect has "the right to be accurately named" in this lawsuit.  *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000); *see also Rodrigues v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1300 (S.D. Cal. 2011) (granting motion to dismiss misnamed defendant based on plaintiff's incorrect use of d/b/a designation); *Flynn v. Best Buy Auto Sales*, 218 F.R.D. 94, 97 (E.D. Pa. 2003) ("The 'misnomer' rule operates in cases where a plaintiff has actually sued and served the correct party but has mistakenly used the wrong name of the defendant in the original caption.").

In the unlikely event the Court allows Plaintiffs to re-plead their Complaint in federal court, the caption should be amended to identify Verizon Connect Fleet USA LLC[12] as the sole proper Defendant.[13]

## IV.    CONCLUSION

WHEREFORE, Defendant, Verizon Connect Fleet USA LLC, on behalf of the two separately named Verizon Defendants, respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety based on the myriad pleading and legal deficiencies identified above and for failure to state a claim for relief.  This dismissal must be *with prejudice* based on Plaintiffs' lack of federal subject matter jurisdiction.

---

[12] Again, the Complaint also mistakenly includes a comma in Verizon Connect's name, which should be struck to correctly name the proper Defendant.

[13] Plaintiffs' Complaint also improperly brings "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."  *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). However, this pleading deficiency can be remedied by correcting the caption to name Verizon Connect Fleet USA LLC as the sole Defendant.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| HIGHLAND TRUCKING, LLC, | ) | |
| SOUTHERN ARMOUR FREIGHT, INC. | ) | |
| KK'S TRUCKING, LLC, | ) | |
| JEB EXPRESS, LLC, | ) | |
| AND GAP TRUCKING, LLC | ) | |
| individually and on behalf of themselves | ) | |
| and others similarly situated | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-1123-KOB |
| | ) | **OPPOSED** |
| FLEETMATICS, a Verizon Corporation | ) | |
| d/b/a VERIZON CONNECT FLEET | ) | |
| USA, LLC and VERIZON CONNECT | ) | |
| FLEET USA, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the following:

> Kimberly R. Dodson, Esq.
> Law Offices of Kimberly R. Dodson, LLC
> 25 County Road 262
> Hanceville, AL 25077

Respectfully submitted,

/s/ William O. L. Hutchinson

William O. L. Hutchinson
Bar No. ASB-4361O68W
Attorney for Defendants
MCGUIREWOODS LLP
201 North Tyron Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 343-2008
Fax: (704) 353-6219
E-mail: whutchinson@mcguirewoods.com