**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HIGHLAND TRUCKING, LLC,** | ) | |
| **SOUTHERN ARMOUR FREIGHT, INC.,** | ) | |
| **KK'S TRUCKING, LLC,** | ) | |
| **JEB EXPRESS, LLC, and** | ) | |
| **GAP TRUCKING, LLC,** | ) | |
| **Individually and on behalf of themselves and** | ) | |
| **Others similarly situated** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-CV-1123-KOB** |
| | ) | |
| **FLEETMATICS, a Verizon Corporation** | ) | |
| **d/b/a VERIZON CONNECT FLEET** | ) | |
| **USA, LLC and VERIZON CONNECT** | ) | |
| **FLEET USA, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION</u>**

In 1984, the fast food chain Wendy's introduced the catchphrase "Where's the beef?"

into the American lexicon. *See* WIKIPEDIA, *Where's the beef?*,

https://en.wikipedia.org/wiki/Where%27s_the_beef%3F (as of Jan. 23, 2019, 10:00 CST). The

commercial featured three elderly women examining a hamburger that featured "a very big fluffy

bun" but a disappointingly miniscule patty. Today, the phrase typically expresses a skeptical

attitude toward something that offers fluff but no substance.

This matter comes before the court on Defendants' motion to dismiss Plaintiffs'

complaint for failing to state a federal cause of action. (Doc. 9). Despite invoking 42 U.S.C.

§ 1983, the complaint failed to identify a federally protected right or to allege that Defendants

acted under color of law. So this court ordered Plaintiffs to show cause why this court should not

dismiss this case without prejudice for lack of subject matter jurisdiction—its own way of asking "where's the beef?" (Doc. 12). But Plaintiffs' response, (doc. 13), and proposed amended complaint, (doc. 15-1) did not provide any beef, only more fluffy buns.

So, for the reasons stated below, this court will DENY Plaintiffs' motion to amend their complaint as futile and will GRANT Defendants' motion to dismiss and will DISMISS WITHOUT PREJUDICE Plaintiffs' complaint for lack of subject matter jurisdiction.

## I.    Standard of Review

*Rule 12(b)(1) motion to dismiss standard of review*

Federal Rule of Civil Procedure 12(b)(1) permits a district court to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008). For a facial attack, which Defendants bring, the court accepts as true the factual allegations in the complaint and merely looks to see "if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.*at 1232–33 (quotation marks, citation, and alterations omitted).

Section 1331 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, "a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). The case may also arise under federal law if "the right to relief under state law requires resolution of a *substantial* question of federal law in dispute between the parties." *Id.* (quotation marks omitted) (emphasis added). "[T]he mere presence of a federal issue in a state cause of

action" is not substantial and does not confer subject matter jurisdiction on the court. *Id.*
(quotation marks omitted).

*Rule 12(b)(6) motion to dismiss standard of review*

Defendants' move to dismiss Count One of Plaintiffs' complaint under Federal Rule of
Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the
complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint
provide "'a short and plain statement of the claim' that will give the defendant fair notice of what
the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
(1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of her entitlement, but
Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[] more than
an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements
of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely
upon "labels or conclusions" or "naked assertions" without supporting factual allegations.
*Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must
contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its
face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570).
To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw
the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.
at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the
complaint must demonstrate "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

## II.    Factual Background

The United States Congress enacted the Moving Ahead for Progress in the 21st Century Bill in 2012. The bill governs federal surface transportation spending and specifically includes a provision requiring the Federal Motor Carrier Safety Administration to develop a rule mandating that commercial motor vehicles use electronic logging devices (ELDs) to ensure drivers' compliance with Hours of Service requirements.

Plaintiffs, all private trucking and hauling companies, allege that they contracted with Defendants, both private companies, to timely install compliant ELDs in the Plaintiffs' fleet, as well as provide necessary maintenance, training, customer service, and monitoring. (Doc. 1 at ¶ 12). Despite the alleged contract, Plaintiffs now claim Defendants never provided any of those services. (Doc. 1 at ¶ 13).

So Plaintiffs filed the complaint now before this court, alleging one federal law cause of action under 42 U.S.C. § 1983 (Count One) and six state law causes of action—breach of contract (Count Two), misrepresentation and fraud (Count Three), conversion (Count Four), money had and received (Count Five), breach of business fiduciary duty (Count Six), and unjust enrichment (Count Seven).

## III.    Discussion

Plaintiffs invoke 42 U.S.C. § 1983 to assert that this court has subject matter jurisdiction over Count One of their complaint but fail to specify which federal rights Defendants allegedly

violated. (*See* doc. 1 at ¶ 30). Plaintiffs' six other causes of action arise under state law[1] and rely

on supplemental jurisdiction under 28 U.S.C. § 1367(a) to appear before this federal court. So, if

the court dismisses Count One of Plaintiffs' complaint under Rule 12(b)(6), this court lacks

subject matter jurisdiction over the entire case and must dismiss the case under Rule 12(b)(1).

To state a claim under § 1983, "a plaintiff must make a prima facie showing of two

elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity *secured*

*by the Constitution or laws of the United States*, and (2) that the act or omission was done by a

*person acting under color of law*." *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996–97

(11th. Cir. 1990) (emphasis added). Plaintiffs' complaint fails to show both of the required

elements.

As Defendants' motion points out, § 1983 does not provide a cause of action in and of

itself but rather "provides a mechanism for enforcing individual rights . . . 'secured by the

Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

Plaintiffs' complaint fails to identify any such right, instead alleging Defendants simply breached

a contract to install ELDs required by federal law. But a simple breach of contract to provide

products and services, even if committed by a state actor, does not rise to the level of a

constitutional deprivation. *Med. Laundry Servs., a Div. of Oplco, Inc. v. Board of Trustees of*

*Univ. of Ala.*, 840 F.2d 840, 843 (11th Cir. 1988) (collecting cases).

Worse still, Plaintiffs' complaint also fails to allege any facts suggesting Defendants were

acting or have ever acted under color of law. Defendants are private companies, and the Eleventh

Circuit has articulated three tests for establishing state action by what is otherwise a private

person or entity: the public function test, the state compulsion test, and the nexus/joint action

---

[1] The parties appear to dispute which state's laws should govern Plaintiffs' claims. The court will not presently address any choice-of-law issues, as they have no bearing on the matter now before the court – jurisdiction to hear any claim.

test. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiffs' complaint does not specify under which theory Defendants' actions should be considered state action and is generally bereft of facts sufficient for the court to speculate. Simply put, the complaint lacks jurisdictional beef.

When faced with this court's order to show cause why this court has federal question subject matter jurisdiction over their claims, Plaintiffs filed a 24-page response, (doc. 13), and a motion to amend their complaint, (doc. 15). But only one paragraph of Plaintiffs' response addresses federal question subject matter jurisdiction by reciting § 1983 requirements and citing an inapposite case; the rest re-alleges state law causes of action and factual background irrelevant to jurisdiction. (*See* doc. 13 at 11–12). And Plaintiffs' amended complaint, rather than alleging additional jurisdictional facts, makes almost exclusively typographical and cosmetic changes to the portions relevant to subject matter jurisdiction. (*See* Doc. 17 at 5). Stated differently, when this court required more beef, Plaintiffs continued to provide only fluff.

Plaintiffs have not met their burden of showing that this court has subject matter jurisdiction over their claims and have not provided an amended complaint that would cure the deficiencies of the original. *See, e.g.*, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'"). Thus, this court will DENY "Plaintiffs' Motion for Leave to Amend Complaint" as futile. (Doc. 15).

Having determined that Plaintiffs' § 1983 claim should be dismissed under Rule 12(b)(6) and that Plaintiffs' proposed amended complaint would also be subject to dismissal, this court concludes that it lacks subject matter jurisdiction over Plaintiffs' entire case and must dismiss the complaint under Rule 12(b)(1). So this court will GRANT "Defendants' Motion to Dismiss

Plaintiffs' Complaint," (doc. 9), and will DISMISS WITHOUT PREJUDICE Plaintiffs'

complaint for lack of subject matter jurisdiction.

## IV.    Conclusion

For the reasons stated above, this court will DENY "Plaintiffs' Motion for Leave to

Amend Complaint" as futile and will GRANT Defendants' motion to dismiss the § 1983 claim in

Plaintiffs' complaint. Having determined that this court lacks subject matter jurisdiction over the

entire case without the § 1983 claim as a basis, this court will DISMISS WITHOUT

PREJUDICE Plaintiffs' entire complaint under Rule 12(b)(1).

**DONE** and **ORDERED** this 23rd day of January, 2019.


**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE